**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Anthony Wallace, Appellant.

Appellate Case No. 2014-001786

———————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-344
Heard April 12, 2016 – Filed June 29, 2016

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald Zelenka, and Assistant Attorney General Caroline M. Scrantom, all of Columbia; and Solicitor Daniel E. Johnson, of Columbia, for Respondent.

———————

**PER CURIAM:** Appellant William Anthony Wallace appeals his convictions for murder, kidnapping, attempted murder, and armed robbery. Wallace argues the trial court erred by admitting evidence, which the police obtained from his cellular telephone provider without a warrant, showing the approximate location of his telephone during the relevant time period.

We find the error, if any, was harmless because it could not reasonably have affected the result of the trial. *See State v. Covert*, 368 S.C. 188, 196, 628 S.E.2d 482, 487 (Ct. App. 2006) ("Error is harmless where it could not reasonably have affected the result of the trial. Generally, appellate courts will not set aside convictions due to insubstantial error not affecting the result." (citation and internal quotation marks omitted)); *State v. Herring*, 387 S.C. 201, 215-16, 692 S.E.2d 490, 497 (2009) (finding that even if a search violated the Fourth Amendment the error was harmless given the overwhelming evidence of guilt).

We find there was overwhelming evidence of Appellant's guilt even without considering the location data provided by his cellular telephone provider. The surviving victim identified Appellant immediately after the incident as the perpetrator. Her identification carried significant weight because she saw and spent time with Appellant on a regular basis prior to this incident. Appellant's accomplice, Deandre Diggs, testified he and Appellant committed the crimes. Diggs testified in detail regarding the events and admitted substantial personal liability. The State also presented significant circumstantial evidence linking Appellant to the vehicle and firearm used to perpetrate this incident. Additionally, the State introduced a recording of a telephone call between Appellant and an associate, which was made while Appellant was in the detention center awaiting trial. In the recording, Appellant instructed his associate the surviving victim "need[ed] to be taken care of ASAP."

We find this evidence constituted overwhelming evidence of Appellant's guilt, and thus, the error, if any, of admitting the location data could not reasonably have affected the result of the trial. Accordingly, even if the trial court erred, the error was harmless, and we affirm Appellant's convictions.

Furthermore, we note that although our supreme court has not directly addressed the issue of whether the warrantless procurement of cell-site location data violates the Fourth Amendment, the federal appellate courts, including a recent en banc decision from the United States Court of Appeals for the Fourth Circuit, have uniformly found such police action does not violate the Fourth Amendment. *See*

*United State v. Graham*, Op. No. 12-4659, 4-5 (4th Cir. filed May 31, 2016) (*en banc*) ("We now hold that the Government's [warrantless] acquisition of historical [cell-site location information] from Defendants' cell phone provider did not violate the Fourth Amendment."); *id*. at 5-6 ("All of our sister circuits to have considered the question have held, as we do today, that the government does not violate the Fourth Amendment when it obtains historical [cell-site location information] from a service provider without a warrant.").

**AFFIRMED.**

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**